LAND COUNCIL, aka the Lands Council; Idaho Sporting Congress, Inc.; the Ecology Center; the Kootenai Environmental Alliance, Plaintiffs–Appellants,

v.

Robert VAUGHT, and/or Rolando Ortegon, in his official capacity as Forest Supervisor of the Colville National Forest; Rolando Ortegon; David Wright, in his official capacity as Forest Supervisor of the Idaho Panhandle National Forests; Michael Domebeck, Chief of the U.S. Forest Service, an agency of the U.S. Dept. of Agriculture; United States Forest Service; U.S. Department of Agriculture; Forest Association; Idaho Forest Assoc.; Vaagen Bros. Lumber, Defendants–Appellees.

No. 01–35088.

D.C. No. CV–00–0185–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2001.

Decided Aug. 14, 2001.

Before TASHIMA and TALLMAN, Circuit Judges, and MOLLWAY,* District Judge.

* The Honorable Susan Oki Mollway, United States District Judge for the District of Ha-

## MEMORANDUM **

This is an appeal from the district court's denial of a motion for preliminary injunction brought by Appellants The Lands Council Inc., Idaho Sporting Congress, Inc., The Ecology Center, Inc., and The Kootenai Environmental Alliance (collectively "Lands Council").[1] Lands Council had sought to enjoin implementation of the Douglas Fir Bark Beetle Project (the "Project") in the Idaho Panhandle National Forest ("IPNF") and the Colville National Forest ("CNF") pending resolution of this case on the merits.[2] Although the district court found that Lands Council was likely to succeed on the merits of two of its claims, the district court denied Lands Council's motion on the basis of the public's interest in the environmental benefits of the Project.

 A district court's order regarding preliminary injunctive relief is subject to only limited review. *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott,* 869 F.2d 1306, 1309 (9th Cir.1989). The review of a preliminary injunction ruling "is much more limited than review of an order involving a permanent injunction, where all conclusions of law are freely reviewable." *Walczak v. EPL Prolong, Inc.,* 198 F.3d 725, 730 (9th Cir.1999). The denial of a preliminary injunction will be reversed only if the district court abused its discretion by relying on either an erroneous legal standard or on clearly erroneous factual findings. *Id.* We find that the district court did abuse its discretion.

 The deciding factor in the district court's denial of Lands Council's prelimi-nary injunction motion was the district court's finding that the public's interest in the benefits of the Project outweighed the public's interest in protecting forest resources. The district court recognized that the public had an interest in protecting forest resources. On the other hand, the district court found that the public had a greater interest in the beneficial aspects of the Project, including reduced risk of catastrophic forest fires and the restoration of ecosystems. Halting the Project, the district court concluded, would increase the risk of catastrophic forest fires in the summer of 2001 and would allow the beetle-damaged timber to deteriorate further. This deterioration would reduce the timber's value and jeopardize the restoration component of the Project, which was dependent on timber sales for funding and implementation. The district court found that the public's interest in the benefits of the Project would be seriously undermined by delaying the Project. For these reasons, the district court denied Lands Council's motion for preliminary injunction.

The district court's factual finding regarding the risk of catastrophic fire in the summer of 2001 is not supported by the record. The district court specifically found that enjoining the harvest and removal of beetle-damaged timber would perpetuate and increase the risk of catastrophic forest fires in the summer of 2001. Figure III–6 of the Final Environmental Impact Statement establishes the opposite. The risk of fire during the first few years of timber harvest under the Project will

waii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The facts of this case are known to the parties and are set forth here only as needed.

2. At oral argument, Lands Council withdrew its appeal as to the CNF portion of the Project in light of the recent issuance of a permanent injunction against implementation of the Project in the CNF. *See Kettle Range Conservation Group v. United States Forest Serv.,* 148 F.Supp.2d 1107 (E.D.Wash. 2001).

actually be greater than the risk of fire if no action is taken and the beetle-damaged timber is not removed from the IPNF. The government has even conceded that the Project would increase the short-term risk of fire.

The district court therefore clearly erred in finding that enjoining the Project would increase the risk of fire in the summer of 2001. Because the district court partially relied on this clearly erroneous finding of fact to support its ruling, the district court abused its discretion. *See Walczak*, 198 F.3d at 730 (holding that a district court abuses its discretion by relying on either an erroneous legal standard or on clearly erroneous factual findings). Accordingly, we reverse the district court's denial of Lands Council's preliminary injunction motion and remand the matter so that the district court may, in the first instance, consider the appropriateness of preliminary injunctive relief without relying on that clearly erroneous finding of fact. *See Alaska Wilderness Recreation & Tourism Ass'n v. Morrison*, 67 F.3d 723, 732 (9th Cir.1995) (noting that the appropriateness of an injunction and the scope of an injunction involve intensely factual issues and "should be decided in the first instance by the district court").

The government argues that Lands Council has not demonstrated irreparable injury and that the district court erred in ruling that Lands Council was likely to succeed on the merits of two of its claims. We decline to address these arguments because the decisions as to the likelihood of success on the merits and the existence of irreparable harm are necessarily intertwined. The greater the harm, the lesser the showing of likelihood of success needed to support an injunction, and vice versa. *See Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir.1988). The balancing of equities should be addressed by the district court in the first instance on remand.

We extend this court's injunction pending appeal until the district court rules on the matter, *see Alaska Wilderness*, 67 F.3d at 732 (extending an injunction pending appeal until the district court balanced the equities to determine "whether and in what form the injunction should continue"), or the preliminary injunction motion is mooted by a final disposition of the case on the merits.

REVERSED AND REMANDED.